

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| RYAN SCOTT JAMES PRICE, | Cause No. CV 05-24-H-CSO |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | |
| Defendant. | |

On May 16, 2005, Plaintiff Ryan Price applied to proceed <u>in forma pauperis</u> with this action under 42 U.S.C. § 1983. That Application was granted in a separate Order. Price is a state prisoner proceeding <u>pro se</u>.[1]

---

[1] Price has filed several other actions in this Court. In this case, venue is proper in the Helena Division because Price purports to sue the State of Montana. <u>See</u> D. Mont. L.R. 3.3(a)(1), (3); Mont. Code Ann. § 25-2-126(1) (1999). It is worth pointing out that Price was advised that he would have to

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

## I. Preliminary Screening

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v.

---

pay the full filing fee, $250.00, for each civil action he filed in this Court, even if he obtained leave to proceed in forma pauperis and even if his case was dismissed. See Letters of May 17 and May 20, 2005 (left side of file).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Price's Allegations

Price contends that Mont. Code Ann. § 45-5-304, "Custodial interference," is constitutionally unsound because most people who are charged with violating the statute are arrested and so unable to return the child before they are arraigned. See Compl. (Court's doc. 2) at 4, ¶ IV.A. Subsection (3) of the statute provides a defense to persons who are alleged to have committed the offense for the first time, who do not leave the State, and who return the child before they are arraigned. See Mont. Code Ann. § 45-5-304(3) (1997).

Price asserts that he was sentenced on a felony charge without "true due process of law" because the statute is unconstitutional. He also contends that he was subjected to conditions of probation because of his wrongful conviction and so wound up again in prison when he violated those conditions. Id. at 5, ¶ V. For his relief, he seeks an injunction compelling the state to make the statute sound and to "grandfather" such changes back to January 2000. Id. ¶ VI.

## III. Analysis

### A. Heck v. Humphrey

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

Price's Complaint is essentially a challenge to his criminal conviction. If the Court were to grant the relief Price seeks, the validity of the State's criminal judgment against him would be undermined. Therefore, Price's Complaint is barred by the rule of Heck v. Humphrey, 512 U.S. 477 (1994).

The Supreme Court has long held that a writ of habeas corpus is the "sole federal remedy" for prisoners who challenge the fact or length of their confinement and who seek either immediate release or release sooner than expected. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). In Heck, the Court held that even prisoners who do not explicitly seek immediate or speedier release must petition for habeas rather than filing a § 1983 action. There, a prisoner challenged the conduct of the state prosecutors and investigators involved in the case that led to his conviction and incarceration. His case had to be dismissed in favor of habeas relief because granting relief in the form of monetary damages would logically and necessarily have undermined the validity of the State's judgment. Id. at 481. Consequently, the Court announced a "favorable termination rule," requiring prisoners who pursue § 1983 actions to demonstrate that the conviction or sentence underlying their complaint has already been overturned, dismissed, or otherwise invalidated by a state or federal authority. See id. at 486-87.

Price cannot make that showing here. On October 10, 2002,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

the Montana Supreme Court affirmed his conviction, rejecting the same argument Price makes in his Complaint. See State v. Price, 57 P.3d 42, 49-52 (Mont. 2002). His motion to withdraw his guilty plea was denied by the trial court and that decision was affirmed by the Montana Supreme Court on March 29, 2005. See State v. Price, No. 04-343 (Mont. Mar. 29, 2005). He has not, to date, obtained federal habeas relief, though he has filed a petition for writ of habeas corpus. See Price v. State of Montana, Cause No. CV 05-77-M-LBE (filed D. Mont. Apr. 27, 2005).

The Court concludes that this action cannot be pursued in this Court at this time. The Complaint should be dismissed.

### B. Eleventh Amendment Immunity

Additionally, the Eleventh Amendment to the United States Constitution bars Price from suing the State of Montana in federal court. Montana has not waived its sovereign immunity.

Because dismissal is required under the rule of Heck, and because Price could not proceed against the State of Montana in any case, this Complaint should be dismissed with prejudice. If Price's conviction is overturned, he may be able to sue other persons for violating his civil rights, but not the State of Montana.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

Price's Complaint (Court's doc. 2) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted and on Eleventh Amendment grounds, and the docket should reflect that Price's filing of this action counts as one strike against him, pursuant to 28 U.S.C. § 1915(g).

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days after the date on the certificate of mailing below, or objection is waived.

Price must immediately inform the Court of any change in his address.

DATED this 15th day of November, 2005.

Carolyn S. Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6